UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VACCARO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | CASE NO. 13-CV-174 - IEG (RBB)<br><br>**ORDER DENYING DEFENDANT CVS PHARMACY, INC.'S MOTION TO DISMISS**<br><br>[Doc. No. 13] |

Presently before the Court is Defendant CVS Pharmacy, Inc. ("CVS Pharmacy")'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 13.] For the reasons below, the Court **DENIES** Defendant's motion in its entirety.

## BACKGROUND

Since November 2012, Plaintiff has "received approximately three calls" on his cellular telephone from Defendant, seeking to "discuss Defendant's prescription services with Plaintiff." [Doc. No. 1, Compl. ¶¶ 14-18.] In this putative class action, Plaintiff alleges these calls violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1), because Defendant made them using an automatic

1  telephone dialing system ("ATDS") and an artificial or prerecorded voice.[1] [*Id.* ¶¶
2  14-23.] Plaintiff requests statutory damages of $500 for each negligent violation,
3  $1500 for each knowing or willful violation, and injunctive relief. [*Id.* ¶¶ 38-43.]
4  By the present motion, Defendant seeks to dismiss Plaintiff's complaint in its
5  entirety, arguing that Plaintiff fails to state a plausible claim under the TCPA. [Doc.
6  No. 13-1 at 2.] Plaintiff filed a response in opposition; Defendant in turn filed its
7  reply. [Doc. Nos. 14, 15.]

## DISCUSSION

9  Under Federal Rule of Civil Procedure 8(a)(2), complaints must contain "a
10 short and plain statement of the claim showing that the pleader is entitled to relief."
11 A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
12 Procedure "tests the legal sufficiency" of those claims. *Navarro v. Block*, 250 F.3d
13 729, 732 (9th Cir. 2001). When considering the legal sufficiency of a claim, courts
14 accept factual allegations as true, drawing all reasonable inferences therefrom in
15 favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336,
16 337-38 (9th Cir. 1996). Complaints need not have detailed factual allegations;
17 rather, complaints need only contain "enough facts to state a claim to relief that is
18 plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
19 Claims have "facial plausibility when the plaintiff pleads factual content that allows
20 the court to draw the reasonable inference that the defendant is liable for the

---

[1] In his complaint, Plaintiff alleges he received several "voice messages" from Defendant. [*E.g.*, Doc. No. 1, Compl. ¶ 25.] Yet, in his opposition to Defendant's motion to dismiss, Plaintiff inexplicably references receiving a "text message" from Defendant. [Doc. No. 14 at 3.] When "determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original); *see also Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) ("Plaintiff's statements in his opposition brief cannot amend the Complaint") (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")). Accordingly, the Court finds that Plaintiff's claims are limited only to the voice messages Plaintiff alleges in his complaint. If Plaintiff seeks to allege text messages, he must amend his complaint.

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Plaintiff asserts claims under § 227 of the TCPA. This section "prohibits persons from (1) making 'any call,' (2) 'using any automatic telephone dialing system [ATDS] *or* an artificial or prerecorded voice,' (3) 'to any telephone number assigned to a ... cellular telephone service....'"[2] *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)) (emphasis added). Defendant challenges only the second element, contending that Plaintiff's allegations of use of an ATDS and an artificial or prerecorded voice fail under *Iqbal* because they "merely recite" the language of the TCPA.[3] [Doc. No. 13-1 at 4.] Defendant misconstrues *Iqbal*. Under a proper reading of *Iqbal*, Plaintiff's allegations regarding use of an ATDS and an artificial or prerecorded voice suffice to state a TCPA claim.

## I. Defendant Misconstrues *Ashcroft v. Iqbal*

In *Iqbal*, the Supreme Court addressed the adequacy of factual allegations under Rule 8(a)(2). Relying on the principle that courts need not accept parties' "legal conclusions" as true, the Court stated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8; similarly, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). Thus, even a "legal

---

[2] Because the provision is written in the disjunctive, plaintiffs can state a claim under the TCPA by alleging the use of (1) an "artificial or prerecorded voice" *or* (2) an ATDS. *See* 47 U.S.C. § 227(b)(1)(A); *Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06324, 2011 U.S. Dist. LEXIS 24908, at 7-8 (N.D. Ill. Mar. 11, 2011) ("Defendant overlooks the fact that the TCPA prohibits the use of 'any automatic telephone dialing system *or an artificial or prerecorded voice*.' Plaintiff's complaint alleges that when she answered Defendant's calls, 'there was a prerecorded voice that answered and told her to hold for assistance.'") (emphasis in original) (citation omitted).

[3] The Court finds Plaintiff adequately pleads the first and third elements of a TCPA claim. [*See* Doc. No. 1, Compl. ¶¶ 18-19.]

conclusion couched as a factual allegation" is insufficient on its own because, however disguised, it remains a legal conclusion. *Id.* It does not follow that factual allegations that borrow or echo statutory language are necessarily legal conclusions.[4] Factual allegations do not cease to be factual even if they quote a statute's language. For instance, allegation of a telephone call remains factual even though the word "call" is found in the TCPA. *See* 47 U.S.C. § 227(b)(1)(A). As discussed below, Plaintiff adequately pleads the use of an artificial or prerecorded voice and an ATDS even though his factual allegations borrow or echo language in the TCPA.

**II. Plaintiff's Allegations Suffice**

    **A. Artificial or Prerecorded Voice**

Plaintiff alleges that he "received approximately three calls from Defendant" in which Defendant, seeking to "discuss Defendant's prescription services with Plaintiff", used "an 'artificial or prerecorded voice' in conjunction with an ATDS." [Doc. No. 1, Compl. ¶¶ 14, 18.] That the calls were made using an artificial or prerecorded voice is a factual allegation rather than a legal conclusion. *Johansen*, 2012 U.S. Dist. LEXIS 178558, at *9. As discussed above, Plaintiff's borrowing the words "artificial or prerecorded voice" from the TCPA does not render his factual allegation inadequate. Accordingly, the Court finds that Plaintiff adequately pleads

---

[4] The "line between factual allegations and legal conclusions is often gray." *Cook v. Beneficial HSBC Mortg. Corp.*, No. 10-3121, 2011 U.S. Dist. LEXIS 13004, at *6-7 (D. Ore. Feb. 8, 2011). In reviewing TCPA complaints which echo or recite the Act's statutory language, some courts have struggled with whether a particular allegation is a legal conclusion, a fact, or both. *Compare Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 U.S. Dist. LEXIS 178558, at *9 (N.D. Ill. Dec. 18, 2012) ("Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, . . . it is not sufficient to recite that fact verbatim without other supporting details."), *with Abbas v. Selling Source, LLC*, No. 09C3413, 2009 U.S. Dist. LEXIS 116697, at *12 (N.D. Ill. Dec. 14, 2009) (ATDS allegation that "parroted" statutory language is a "bare legal conclusion entitled to no weight"), *and Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) ("As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' Such a naked assertion need not be taken as true."). Difficulties in distinguishing between factual allegations and legal conclusions, however, do not justify treating factual allegations as legal conclusions simply because the allegations quote statutory language.

the use of an artificial or prerecorded voice.

### B. ATDS

Plaintiff also sufficiently pleads the use of an ATDS. Under the TCPA, an ATDS is "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B). Plaintiff alleges that Defendant called him using an ATDS with the "capacity to store or produce telephone numbers to be called, using a random or sequential number generator." [Doc. No. 1, Compl. ¶ 14, 16.]

In reviewing the adequacy of ATDS allegations, courts consider whether, "read as a whole, the complaint contains sufficient facts to show that it is plausible that Defendants used [an ATDS]." *Kramer*, 759 F. Supp. 2d at 1171. Although Plaintiff's ATDS allegations closely track the language of 47 U.S.C. § 227(a)(1)(A)-(B), they are nonetheless sufficient to state a TCPA claim. In addition to the direct allegation of ATDS use, it is reasonable to infer from the number of calls, the use of an artificial or prerecorded voice, and the commercial nature of the calls, that Defendant used an ATDS in calling Plaintiff. *See Vance*, 2011 U.S. Dist. LEXIS 24908, at *9 (allegations of ATDS use adequate where plaintiff "alleges that she suspected that the phone calls that she received were automated because she heard a prerecorded voice when she answered."); *In re Jiffy Lube Int'l, Inc., Text Spam Litigation*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) ("in many TCPA cases . . . there seems to have been no pre-existing relationship between the parties, indicating some probability that messages were sent randomly."); *Robbins v. Coca-Cola Co.*, No. 13-CV-132, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) ("allegations, though indirect, suffice" when reasonable inference of ATDS use can be drawn). Accordingly, the Court finds that Plaintiff adequately pleads the use of an ATDS.

Alleging the use of either an ATDS or an artificial or prerecorded voice would suffice; here, Plaintiff adequately pleads both. Therefore, the Court **DENIES**

Defendant's motion to dismiss.

## CONCLUSION

For the reasons given above, the Court **DENIES** Defendant CVS Pharmacy's motion to dismiss in its entirety.

**IT IS SO ORDERED.**

**DATED:** July 16, 2013

**IRMA E. GONZALEZ**
**United States District Judge**